UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL KEITH WILSON,

Plaintiff,

v.

M. DE ARTON, *et al.*

Defendants.

Case No. 2:25-cv-2984-DC-JDP (PS)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff Daniel Keith Wilson brings this action against a large but indeterminate number of state officials, agencies, and health care providers. The complaint, which runs to nearly one-hundred and thirty pages, lacks any intelligible narrative throughline, and leaves the reader with no sense of what or even how many claims are at issue. I will dismiss the complaint with leave to amend so that plaintiff may present, if he can, a short and plain statement of his claims. Additionally, in light of the foregoing dismissal, I will recommend that plaintiff's three motions for temporary restraining order be denied.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr*., 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff asserts that defendants, including state judges, court clerks, sheriff's deputies, forest service employees, and water district service managers, among others, have violated his constitutional rights, maliciously prosecuted him, and violated whistleblower protection law. ECF No. 1 at 7-13. The complaint is, as noted *supra*, not a short and plain statement of his claims. Among the nearly one-hundred and thirty pages that comprise the complaint, plaintiff has included documents addressed to the International Criminal Court in the Hague, *id.* at 35; a "writ of quo warranto" that challenges defendant officials' right to hold their offices, *id.* at 43; and allegations that can only be described as fanciful—for instance, a claims that defendant water

district service managers failed to warn him of "eboli (sic)" in the water supply, *id.* at 13. I am skeptical, given the breadth and unintelligibility of the complaint, that amendment will cure the deficiencies here. Nevertheless, I will give plaintiff one chance to amend. He is advised that any amended complaint should be a short and plain statement of his claims against each named defendant. Lengthy screeds and dozens of named defendants will not be looked upon favorably.

The complaint is dismissed with leave to amend. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within thirty days of this order's entry.

Additionally, because plaintiff has not shown any likelihood of success on the merits, I recommend that his motions for temporary restraining order (and to expedite, electronic file, and for default judgment), ECF Nos. 3, 4, & 6 be denied. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[1] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Finally, I will grant his application to proceed *in forma pauperis*, ECF No. 2.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

---

[1] The standards for granting a temporary restraining order are substantively identical to those for a preliminary injunction. *See Dumas v. Gommerman*, 865 F.2d 1093, 1095 (9th Cir. 1989).

Further, it is RECOMMENDED that plaintiff's motions for temporary restraining order (and miscellaneous relief), ECF Nos. 3, 4, & 6, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 19, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE